PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRACY BEDLION, | ) CASE NO. 4:20-CV-34 |
| Plaintiff, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| TRAVELERS INDEMNITY COMPANY OF AMERICA, | ) **MEMORANDUM OF OPINION AND ORDER** |
| | ) [Resolving ECF Nos. 10, 14] |
| Defendant. | ) |

Pending before the Court is Defendant's Motion for Judgment on the Pleadings (ECF No. 10) and Motion to Stay the Case Management Conference (ECF No. 14). Plaintiff has not filed a response to either motion. For the reasons that follow, Defendant's Motion for Judgment on the Pleadings is granted and Defendant's Motion to Stay the Case Management Conference is moot, and therefore dismissed.

**I. Background**

Plaintiff Tracy Bedlion and her deceased husband, Timothy Bedlion, were the named insureds under an Agribusiness insurance policy issued by Defendant Travels Indemnity Company of America. ECF No. 5 at PageID #: 91; ECF No. 1-2. Included within the policy's coverage was the parties' residence at 5676 Warner Road in Vernon Township, Trumbull County, Ohio ("Warner Road residence"). The policy provided in pertinent part:

> Exclusions Intentional Loss: "We will not pay for loss or damage arising out of any act an 'insured' commits or conspires to commit with the intent to cause a loss. In the event of such loss, no 'insured' is entitled to coverage, even 'insureds' who did not commit or conspire to commit the act causing the loss.

*Id*.

On June 17, 2019, during the policy period, Timothy Bedlion set fire to the Warner Road residence without Plaintiff's knowledge, consent, or control. *Id*. at PageID #: 92. Thereafter, Plaintiff presented her fire loss claim to Defendant for payment. *Id*. Defendant denied Plaintiff's fire loss claim on October 14, 2019. *Id*.

Plaintiff alleges that the insurance policy's intentional loss exclusion is unenforceable and that Defendant breached the parties' insurance contract when it denied her fire loss claim, causing direct and consequential damages. *Id*. Plaintiff seeks a declaration from the Court that the policy provides for coverage of the fire loss, that Defendant breached the parties' agreement, and a money judgement in the sum of $185,261.83 together with interest. *Id*.

## II. Standard of Review

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). "To survive a [Rule 12(b)(6)] motion to dismiss, [the complaint] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

(4:20CV0034)

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court may dismiss a claim if it finds, on the face of the pleading, that "there is an insurmountable bar to relief indicating that the plaintiff does not have a claim." *Ashiegbu v. Purviance*, 76 F. Supp.2d 824, 828 (S.D. Ohio 1998), *aff'd* 194 F.3d 1311 (6th Cir. 1999), *cert. denied*, 529 U.S. 1001 (2000).

"For purposes of a motion for judgment on the pleadings [or a motion to dismiss], all well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (quoting *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008)). The Court "must construe the complaint in the light most favorable to [the] plaintiff[.]" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. Analysis

Plaintiff asserts that the insurance policy's intentional loss exclusion is unenforceable because it violates public policy. Specifically, Plaintiff alleges that the policy's exclusion is in contravention of the "innocent spouse rule" which states that one spouse cannot be held answerable for the acts of the other spouse merely because of the marital relationship. *See* O.R.C. § 3103.08.

(4:20CV0034)

The Ohio courts have squarely addressed this issue, holding that whether a loss intentionally caused by one co-insured spouse bars an innocent spouse from recovering under the policy depends entirely on the contract itself. *Wagner v. Midwestern Indem. Co.*, 699 N.E.2d 507, 511 (Ohio 1998). In short, the policy language controls. *See id*. (finding insurance coverage depends on the policy and the innocent spouse rule can be nullified by that contract; consequently, where policy stated "you" or "your" mean "your spouse"); *see also Sanders v. Nationwide Mut. Ins. Co.*, 2011 WL 1584427 (Ohio Ct. App. Apr. 21, 2011) ("[A]n insurance company is under no obligation to its insured to cover a loss unless it falls within the coverage of the policy and not within an exception thereto."); *Allstate Ins. Co. v. Lobracco*, 1992 WL 356270, at *3 (Ohio Ct. App. Nov. 24, 1992) (finding that the parties' policy exclusions are to be enforced as written, and insurance provider had no obligation to pay for damages for allegations falling outside the scope of the policy).

The Court finds the language contained in the parties' insurance policy to be clear and unambiguous. *See* ECF No. 5 at PageID #: 91. The policy contemplates that Tracy Bedlion and Timothy Bedlion are jointly covered under the policy and that the intentional act of any insured precludes coverage for *all* insureds. Mr. Bedlion's admitted setting of the fire and causing loss precludes coverage under the policy and Defendant is well within its contractual rights to deny coverage.

Accordingly, as a matter of law, the policy at issue is enforceable and the Amended Complaint is without merit.

(4:20CV0034)

## IV.  Conclusion

For foregoing reasons, the Court grants Defendant's Motion for Judgment on the Pleadings (ECF No. 10).  The Case Management Conference scheduled for March 23, 2020 is cancelled and therefore Defendant's Motion to Stay (ECF No. 14) is now moot.

IT IS SO ORDERED.

| | |
|---|---|
| March 20, 2020 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |